﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200612-91182
DATE: January 29, 2021

REMANDED

Entitlement to service connection for obstructive sleep apnea only as secondary to service-connected posttraumatic stress disorder (PTSD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1968 to October 1969, with additional reserves service. This case comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2020 rating decision of the Department of Veteran Affairs (VA) Regional Office (RO).

This claim was originally denied in a January 2020 rating decision. The Veteran did not submit a Notice of Disagreement, and instead filed a new claim in May 2020. The June 2020 rating decision found that new and relevant evidence was received. This is a favorable finding by the agency of original jurisdiction (AOJ) and the Board will proceed to the address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301. Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim for development, this additional evidence will be considered by the RO.

Entitlement to service connection for obstructive sleep apnea, to include as secondary to service-connected PTSD, is remanded.

First, remand is required for an adequate addendum VA medical opinion. Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Generally, a medical opinion should address the appropriate theories of entitlement. Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007). In a secondary service connection claim, a medical opinion that a disorder is not the result of an already service-connected disability does not address the issue of aggravation. El-Amin v. Shinseki, 26 Vet. App. 136, 140-41 (2013).

The Veteran underwent a VA examination in December 2019 where the examiner provided a negative nexus opinion and noted that the October 2017 sleep study found mild sleep apnea. The examiner explained that the February 2019 PTSD examination found that while sleep apnea likely contributed to the degree of sleep impairment, the Veteran also reported that restless leg syndrome caused frequent arousal, and that he needed to wake to use the washroom 3 to 4 times per night. Per medical literature, the examiner explained that the nature of the relationship between PTSD and sleep apnea remains unclear, and while various theories have been posed to account for this noted increase in comorbidity, no clear mechanism linking these disorders has been reliably established. Given this, the examiner opined that it would be inappropriate to conclude that the service-connected PTSD caused the sleep apnea. However, the examiner failed to address whether the service-connected PTSD has aggravated the sleep apnea. Additionally, the Veteran submitted several articles concerning the relation between PTSD and sleep apnea after the examination, but prior to the rating decision on appeal. These articles have not been properly addressed by VA. Accordingly, remand is required to correct this pre-decisional duty to assist error, and obtain an addendum VA medical opinion.

As noted above, the Veteran submitted additional evidence when new evidence was not allowed. This was a private nexus opinion that explained that medical research has shown that 40 to 98 percent of Veterans with PTSD also have co-occurring sleep disturbances such as sleep apnea. Further, the examiner noted that the Veteran does not exhibit classic predictors of sleep apnea, such as older age and higher body mass index. While on remand, the examiner should also address this private opinion.

Second, remand is required to obtain missing private treatment records (PTRs). VA’s duty to assist claimants to obtain evidence needed to substantiate a claim includes making reasonable efforts to obtain relevant private medical records. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159(c) (2019). In May 2020, the Veteran submitted private letters from the Kansas City Vet Center describing the effects of the PTSD on his sleep issues, and explaining that the Veteran has attended regular sessions with the Vet Center since December 2017. A careful review of the record finds that the RO made no attempts to obtain these corresponding PTRs. Accordingly, remand is required to correct this pre-decisional duty to assist error and obtain these missing PTRs.

The matters are REMANDED for the following action:

1. Contact the Veteran and afford him the opportunity to identify the address and dates of treatment or examination, and any other relevant medical records from the Kansas City Vet Center. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative. 

2. After any additional records are associated with the claims file, obtain an addendum opinion regarding the etiology of the obstructive sleep apnea from a VA examiner. The entire claims file must be made available to and be reviewed by the examiner. If an examination is deemed necessary, it shall be provided. An explanation for all opinions expressed must be provided. 

(a) The examiner must provide an opinion whether it is at least as likely as not (50 percent or greater probability) that the obstructive sleep apnea is caused by the service-connected PTSD.

(b) The examiner must also provide an opinion whether it is at least as likely as not (50 percent or greater probability) that the obstructive sleep apnea is aggravated by the service-connected PTSD.

(c) The examiner must address the following: 1) the articles submitted by the Veteran in May 2020 regarding the link between PTSD and sleep apnea; 2) the October 2019 VA medical opinion; and 3) the June 2020 private medical opinion.

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Rogos

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.